## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| | : | CIVIL ACTION |
| STEPHEN BROWN, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | No. 23-2554 |
| | : | |
| UNITED STATES POSTAL SERVICES | : | |
| DOMESTIC CLAIMS, et al., | : | |
| *Defendants.* | : | |

### MEMORANDUM

KENNEY, J.                                                           MARCH 11, 2024

Plaintiff Stephen Brown brings a breach of contract claim against the United States Postal Services ("USPS") and two of its employees for alleged failure to deliver his mail in a timely fashion, causing him "emotional distress and substantial money damages." ECF No. 7 ¶ 30.

### I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Brown sent a package to Ameribest Homecare by registered mail, for which he paid $15.90, via USPS on March 17, 2023, with USPS promising to deliver the package within 5 business days. ECF No. 7 ¶¶ 6-8, 17. Brown alleges that he "entered into a Contract Delivery Service (CDS) agreement" with USPS, which required them to deliver the package. *Id.* ¶ 6. On April 5, 2023, Brown submitted an inquiry to the USPS as to the status of the package. *Id.* ¶ 9. Defendant Laquiesha Sonnier, a USPS employee, acknowledged receiving Brown's inquiry. *Id.*; Exhibit 2. On April 7, 2023, Brown received an update from Defendant Lisa Watkins, another USPS employee, indicating that his mail would be sent out for delivery on the following business day

(April 10, 2023). *Id.* ¶ 10; Exhibit 3. On April 10, Brown filed a claim with USPS and received a response that his package had been delivered. *Id.* ¶¶ 12-13; Exhibit 4. Brown then re-opened his claim, and on April 14, 2023, received a response from Watkins indicating that the carrier who ostensibly delivered Brown's mail was out of town and Watkins would follow up with him when he returned on April 18, 2023. *Id.* ¶ 29; Exhibit 6.

Brown filed his initial Complaint *in forma pauperis* ("IFP") on June 30, 2023 (ECF Nos. 1, 2), and an Amended Complaint on August 7, 2023 (ECF No. 7), alleging one count of breach of contract, and one count of tortious interference. Pursuant to the Court's authority over IFP proceedings as outlined in 28 U.S.C. § 1915(e)(2)(B)(ii), the Court dismissed Brown's tortious interference claim on the grounds that it failed to state a claim on which relief could be granted since the federal government retains its sovereign immunity for "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal mail." ECF No. 8 at 1 n.1.

Defendants then filed the instant motion to dismiss the complaint, arguing *inter alia*, that Brown's claims are barred by sovereign immunity and because he failed to exhaust his administrative remedies. ECF No. 20. Brown did not file a response to the motion to dismiss, but instead filed a subpoena on the docket, purporting to command Defendants to appear before the Court, produce documents, and respond to interrogatories. ECF No. 21. Defendants filed a reply in further support of their motion. ECF No. 22.

## II.    STANDARD OF REVIEW

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court "accept[s] the factual allegations in the complaint as true, draw[s] all reasonable inferences in favor of the plaintiff, and assess[es] whether the complaint and the exhibits attached to it contain enough facts to state a claim to relief that is plausible on its face." *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131,

140 (3d Cir. 2023) (internal quotation marks and citations omitted). Nevertheless, the Court "disregard[s] threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *Oakwood Labs. LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (internal quotation marks and citation omitted).

As Brown is proceeding *pro se*, the Court construes the allegations in the Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "'cannot flout procedural rules – they must abide by the same rules that apply to all other litigants.'" *Id.*

## III.  DISCUSSION

### a.  Failure to Respond

Eastern District of Pennsylvania Local Rule of Civil Procedure 7.1(c) requires Plaintiff to file a response to a contested motion. If Plaintiff fails to do so, "the motion may be granted as uncontested." *Id.* "Plaintiffs who fail to brief their opposition to portions of motions to dismiss do so at the risk of having those parts of the motions to dismiss granted as uncontested." *Celestial Cmty. Dev. Corp., Inc. v. City of Phila.*, 901 F. Supp. 2d 566, 578 (E.D. Pa. 2012). To date, Plaintiff has failed to file a response to Defendants' motion to dismiss. The motion is dismissed based on the substantive reasoning set forth below.

### b.  Sovereign Immunity

It is well-established that the United States is "immune from suit save as it consents to be sued . . . ." *United States v. Testan*, 424 U.S. 392, 399 (1976) (citation omitted). A waiver of sovereign immunity must come from the consent of Congress, and "cannot be implied but must be

unequivocally expressed." *Id.* (quoting *United States v. King*, 395 U.S. 1, 4 (1969)). The Federal Tort Claims Act ("FTCA") waives sovereign immunity for "claims against the United States, for money damages…for injury or loss of property…caused by the negligent or wrongful act or omission of an employee of the Government while acting within the scope of his office or employment . . . . " *Dolan v. United States Postal Service*, 546 U.S. 481, 484 (2006) (quoting 28 U.S.C. §1346(b)(1)). However, the FTCA specifically retains sovereign immunity for "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." *Id.* (quoting 28 U.S.C. §2680(b)).

Although the FTCA explicitly pertains to tort claims, immunity can apply regardless of the form of claim if "the ultimate claim of liability remains misdelivery." *Gownaris v. United States Postal Serv.*, 1988 WL 61741, at *2 (E.D. Pa. June 10, 1988), *aff'd*, 856 F.2d 250 (3d Cir. 1988). Accordingly, in *Gownaris* the Court applied immunity where plaintiff had alleged false advertising and failure to warn after her package had not been delivered. *See id*. Similarly, in *Persick v. United States Postal Service*, plaintiffs asserted claims for breach of contract and unfair trade practices based on USPS's failure to deliver plaintiffs' letter on time, causing financial loss. 2001 WL 185543, at *1 (E.D. Pa. Feb. 23, 2001). Despite plaintiffs in that case styling their claims as breach of contract and unfair trade practices, "their dispute [arose] from the USPS's failure to deliver a package containing time-sensitive stock options on time, which 28 U.S.C. § 2680(b) unambiguously bars." *Id.*

The gravamen of Brown's allegations is that Defendants failed to deliver his mail in a timely fashion. *See* ECF No. 7 ¶¶ 26-28 ("Defendants were obligated by the contract agreement to deliver Plaintiff's mail. Plaintiff fully performed the contract by advance payment in full. Defendants' failure to deliver since 17th of March 2023 breached the contract."). Just like the

plaintiffs in *Gownaris* and *Persick*, Brown's breach of contract claim is, at its core, a complaint about the misdelivery of mail. It is therefore barred by sovereign immunity.

### c. Exhaustion

Brown's claim must also be dismissed because he failed to exhaust his administrative remedies. "The USPS is liable only to the extent it agrees to be liable," and the limits of its liability can be found in the Domestic Mail Manual ("DMM"), which contains the regulations governing registered mail. *Gelbfish v. United States Postal Serv.,* 51 F. Supp. 2d 252, 254 (E.D.N.Y. 1999) (citation omitted). "In order for the USPS to be liable under a contract theory, a party seeking to recover for the loss of registered mail must exhaust all administrative remedies available under the postal regulations before bringing suit in federal district court." *Blanc v. United States Postal Serv.*, 2014 WL 931220, at *2 (E.D.N.Y. Mar. 10, 2014); *see also McCarthy v. Madigan*, 503 U.S. 140, 144-45 (1992) ("This Court has long acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts.").

The DMM states that a customer can appeal the denial of a claim by filing an appeal within 30 days of the original decision either online at www.usps.com/domestic-claims or by sending a written appeal to Accounting Services. *See* DMM § 609.6.2. If Accounting Services sustains denial of a claim, customers can file an appeal within 30 days online at www.usps.com/insuranceclaims/online.htm or in writing to the Consumer Advocate. *See* DMM § 609.6.3.

Brown does not allege that he filed an appeal. Moreover, Defendants filed a declaration asserting that Brown did not appeal. *See* ECF No. 20-3 at 3. Brown's own supporting documentation indicates that he was provided notice of his ability to appeal. *See* ECF No. 7, Exhibit 4. Brown filed his claim on April 10, 2023, which set his appeal deadline at May 10,

20230; Brown's time to appeal has long since lapsed. Therefore, Brown has not exhausted his administrative remedies and his suit must be dismissed. *See TNS Diamonds, Inc. v. United States Postal Serv.*, 2005 WL 497831, at \*2 (E.D. Pa. Mar. 3, 2005) (dismissing complaint because "there has been no final USPS decision on [plaintiff's] claims and [plaintiff] has failed to exhaust its administrative remedies"); *Gelbfish*, 51 F. Supp. 2d at 254 (dismissing complaint where plaintiff failed to appeal USPS's decision within the specified time frame).

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion is **GRANTED IN FULL**, and the case is dismissed. An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**
_____
**CHAD F. KENNEY, JUDGE**