IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHEN BROWN,** | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| v. | : | No. 23-2554 |
| **UNITED STATES POSTAL SERVICES DOMESTIC CLAIMS, et al.,** | : | |
| *Defendants.* | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                                          **APRIL 10, 2024**

      Plaintiff Stephen Brown brought a breach of contract claim against the Defendants United States Postal Services ("USPS") and two of its employees for alleged failure to deliver his mail in a timely fashion, causing him "emotional distress and substantial money damages." ECF No. 7 ¶ 30. Defendants filed a Motion to Dismiss (ECF No. 20), to which Plaintiff failed to respond. The Court issued a Memorandum and Order dismissing the case in its entirety on March 11, 2024 (ECF Nos. 24, 25). The same day, Plaintiff filed 1) a letter to the Court indicating that he had misunderstood the relevant deadlines, and 2) a belated opposition to Defendants' Motion to Dismiss (ECF Nos. 26, 27). The Court will address Plaintiff's arguments in this supplemental Memorandum.

      Plaintiff first argues that the individual Defendants, Lisa Watkins and Laquiesha Sonnier, have failed to enter appearances in this case, and therefore their motions to dismiss should be denied. However, individuals represented by attorneys do not need to file their own appearances; rather, their attorneys file notices of appearance on their behalf. *See* Eastern District of

Pennsylvania Local Civil Rule 5.1(a) ("Other appearances *of counsel* shall be by notice filed with the Clerk") (emphasis added).

Plaintiff next maintains that he is not challenging sovereign immunity in this case, and it is inapplicable since Pennsylvania is not a party to this case. As explained in the Court's prior Memorandum, the doctrine of sovereign immunity renders the United States (and its agencies, including Defendant the United States Postal Service) immune from lawsuits except those for which it consented to be sued. ECF No. 24 at 3. For the reasons explained in that memorandum, the United States has not consented to be sued for misdelivery of mail, so Plaintiff's claim is barred by sovereign immunity. *Id.* at 3-4.

Plaintiff makes two additional arguments, that:

> Defendant[s] ha[ve] failed to produce any new evidence of such substantial nature as to oblige this court to consider its verdict;
> [and that] [t]he controversy is real. Not hypothetical. The controversy happened and [is] located in the court records.

ECF No. 26 at 2. Neither of these conclusory assertions provide a reason why the motion to dismiss should be denied. Nor do they explain why the Court's conclusions that 1) Plaintiff's claim is barred by sovereign immunity and 2) Plaintiff failed to exhaust his administrative remedies before filing this suit are incorrect.

Plaintiff cites to a provision of the Pennsylvania Code to support his claim that discovery should be permitted. However, since the case has been dismissed, there are no grounds for Plaintiff to engage in discovery. An appropriate Order will issue.

BY THE COURT:

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, JUDGE**
